MILDRED PROPER v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY.

(Filed 3 November, 1937.)

**Negligence § 4b—Evidence of negligence held for jury in this action by store customer to recover for personal injuries.**

Evidence that plaintiff, a customer in a store, was struck and injured while standing with her back to a row of shelves, by a sack of flour which fell from a shelf about eight or ten feet high when an employee attempted, with the aid of a hooked stick, to pull a sack of flour off the shelf for another customer, without warning plaintiff, *is held* sufficient to take the case to the jury on the issue of negligence, and defendant store company's motion to nonsuit and request for peremptory instructions were properly refused.

APPEAL by defendant from *Spears, J.,* at March Term, 1937, of RANDOLPH. No error.

This is an action to recover damages resulting from personal injuries alleged to have been caused by the negligent conduct of the defendant's employee. Appropriate issues were submitted to the jury and answered in favor of the plaintiff. From judgment thereon the defendant appealed.

*Moser & Miller and Lovelace & Kirkman for plaintiff, appellee.*
*Sapp & Sapp for defendant, appellant.*

BANK *v.* JONAS.

PER CURIAM. The plaintiff's evidence tends to show that she and her husband were in the defendant's store in High Point as customers on the night of 12 October, 1935; that there were rows of shelves on each side of the store, with no counter on the right side; that the shelves extended to a height of about eight or ten feet; that on these shelves were placed various articles of merchandise, and on the top shelf on the right-hand side, near the rear of the store, were placed 24-pound sacks of flour, three deep; that while the plaintiff and her husband were standing near the meat counter at the rear of the store and near the row of shelves on the right side just below where the flour was packed the manager of the store came around in a hurry to the shelves where the flour was stacked for the purpose of taking down a sack of flour for another customer; that the plaintiff was standing with her side toward the shelves; that the defendant's employee had a stick three or four feet long with a hook on the end, and that he caught the hook in the end of the flour that was tied up in some way and undertook to pull the flour down off the shelf without any warning to the plaintiff, and that in so doing the flour fell against the plaintiff and inflicted certain personal injuries.    There was evidence *contra.*

The evidence offered by the plaintiff was sufficient to be submitted to the jury and the court below properly overruled the defendant's motions to dismiss as of nonsuit.    The cause is essentially one of fact for the determination of a jury and the jury, under instructions of the court, which are unchallenged, has answered the issues in favor of the plaintiff.

As the plaintiff offered sufficient evidence to be submitted to the jury, there was no error in the refusal of the court below to give the special instructions which amounted to a peremptory charge requested by the defendant.

There is no error appearing in the record.